Ordinarily this court does not respond to motions for rehearing unless we find cause in the motion and brief thereon to alter, amend or withdraw our original opinion. However, in this instance, in view of the contents of appellant's counsel's introduction to his brief, we make an exception.
Counsel's comments in brief come very close to expressing impertinence and showing contempt not only for this court but the entire system of courts which he serves as an official. We recognize and understand the disappointment of failing to carry one's view and suffering a loss in a case. However, such an event comes often to every counsel who represents a client in court. To lose a case does not give license to abuse the court before whom the case is tried nor the court before which appeal is taken. This court will always accept disagreement with our decisions and review them upon reasonable legal grounds brought to our attention by motion and brief for rehearing. However, we will not, in the future, accept impertinent and emotional accusations such as the absence of justice in the courts of our state and that the courthouses of this state are to become the new meeting place for the "Liar's Club," because perjury and falsehood are countenanced there.
We have again carefully reviewed the record of 547 pages to determine if we erred in our original opinion. We find no error!
Grounds 1 and 2 of the application for rehearing relate to the alleged refusal of the trial court to permit into testimony evidence presented at the hearing on preliminary injunction.There is no such ruling on refusal in the record. In fact, there was an offer by counsel of "certain portions of the transcript" that appears on page 488 of the record. The court accepted the offer on page 490 and offered to allow in the whole transcript on a question and answer basis with opportunity for objection by opposing counsel. There were thereafter certain piecemeal stipulated entries.
Ground 3 requires no response. It is self-evident.
Ground 4 charges this court with "failing and refusing to decide the real issue presented by the appeal." That issue is stated to be whether the trial court, after "wrestling" with the issue of the existence of intrinsic or extrinsic fraud, wrongfully decided that Mr. Turner committed "mere intrinsic fraud." We have looked in the record to find when the "wrestling" occurred, and a decision thereon was entered. We have looked in vain. We pointed out in our original opinion that the judgment of the astute and learned trial judge who heard the conflicting evidence made no finding of fact or law but merely denied the 60 (b) motion.
We find no sufficient ground for changing our original conclusion that we find no abuse of judicial discretion by the trial court.
OPINION EXTENDED; REHEARING DENIED.
BRADLEY and HOLMES, JJ., concur. *Page 738